HELENA WHOLESALE GROCERY COMPANY *v.* MOORE.

4-4801

Opinion delivered November 8, 1937.

*A. M. Coates*, for appellant.

MEHAFFY, J. The appellant commenced this action in the Phillips circuit court alleging that the appellee, H. D. Moore, executed to it his three promissory notes, dated December 27, 1935, one for the sum of $500 due November 15, 1936, and one for $500 due November 15, 1937, and one for $500 due November 15, 1938, all of said notes bearing interest from maturity until paid at the rate of 6 per cent. per annum; that the promissory notes form a series of three notes in which it was provided that in the event H. D. Moore failed to pay any one of said notes at maturity, the appellant at its option had the privilege of declaring all of said notes due. It was further alleged that when the first note became due the appellee failed and refused to pay, at which time the appellant declared all of said notes due and made demand for payment; that subsequent to the date that said notes were declared due, on December 1, 1936, H. D. Moore paid the first note of $500 due November 15, 1936, leaving two notes of $500 each due November 15, 1937, and November 15, 1938. Plaintiff asked judgment for the amount of the two notes, $1,000, and $20 interest.

The appellee answered admitting the execution of the notes, alleging that one of them had been paid, and denying all the other allegations of the complaint.

Evidence was introduced, instructions given by the court, and the jury returned a verdict for the defendant, upon which judgment was entered, and the case is here on appeal.

It appears that some time prior to December 27, 1935, the appellant claimed that the appellee was indebted to it, and the appellee claimed that the president

and secretary of the appellant was indebted to him more than he owed the appellant. They finally reached a compromise by which appellee paid $4,000 in cash and executed his three notes for $500 each as above set out. One note was paid before suit was brought, being paid a few days after its maturity. The second note was not due until November 15, 1937, and this action was begun March 27, 1937, nearly eight months before the second note was due. When Moore sent his check to the appellant on November 28, 1936, the appellant wrote to appellee the following letter:

"December 10, 1936.

"Mr. H. D. Moore,
"Biscoe St.,
"Helena, Ark.
"Dear Sir:          Registered Mail

"This will acknowledge receipt of your check dated November 28th for $500 and same has been applied as partial payment on the $1,500 indebtedness that you owe this company.

"These three notes are a series of notes and failure to pay one of them on due date, brings them all due.

"We wrote you under date of November 21st, stating that these notes were past due. Under the agreement, we have the option of declaring them all due by your failure to pay on due date, and we have declared them all due as of November 15th, 1936.

"We are willing to carry this along a reasonable length of time for the balance of these notes.

"Yours truly,
"President
"HELENA WHOLESALE GROCERY CO."

The appellant company accepted appellee's check in payment of the first note, and stated to him in the letter: "We are willing to carry this along a reasonable length of time for the balance of these notes." This had the effect of canceling the declaration that all of them were due. In addition to this letter, the appellee testified that he had a conversation with the president of the grocery company after the execution of the notes and

advised the president that he had to pay his mortgage off first, having given a mortgage to enable him to cultivate his land that year, and that the president of the company agreed to this. This testimony is not disputed by any one.

The only question in the case is whether the suit was prematurely brought. The appellant had the right to exercise its option and declare all the notes due, but it had the same right, of course, to cancel that declaration, and it did so in this letter. When this declaration exercising its option was canceled, and the appellant told Moore that he would be given a reasonable time on the other notes, the notes would then be due, if there were no other action declaring them all due, on the dates mentioned in the notes.

As we have already said, the first note was due November 15, 1936, which note was paid. The second note was due November 15, 1937, and the suit having been brought before that time, was prematurely brought.

There was considerable evidence introduced, but as the only question in the case is whether the cause of action had accrued when suit was brought, it is not necessary to set out the testimony.

This question was submitted to the jury and its finding in favor of the appellee is conclusive.

The judgment is affirmed.